[No. 14000.   In Bank. — September 13, 1890.]

THE PEOPLE EX REL. JOHN L. CAMPBELL v. R. W. WATERMAN, GOVERNOR.

86   27
d104 235

ELECTION — SUPERIOR JUDGE — VACANCY IN TERM — NEW TERM. — When an election is to be held to fill a vacancy in the term of a superior judge, and such term is to expire on the first day of January succeeding the election, the people will also be required at the same election to elect a judge for the new term, to begin upon the expiration of the term in which the vacancy occurred.

ID. — CREATION OF ADDITIONAL JUDGESHIP — TERM OF NEW JUDGE — MANDAMUS. — A judge of the superior court of San Bernardino County, elected in November, 1888, under an act of the legislature of March 5, 1887, increasing the number of judges of the superior court of San Bernardino County from one to two, and providing that the governor should appoint an additional judge of said court, who should hold office until the first Monday after the first day of January, 1889, and that at the next general election a judge of such superior court should be elected to hold office for the term prescribed by the constitution and the law, is entitled to hold the office for the term of six years from the first Monday after the first day of January next succeeding such election; and mandamus will not lie to compel an election before the expiration of such term of six years, at an election at which a judge is to be chosen for a new term as successor of the former judge.

APPLICATION to the Supreme Court for a writ of mandate against the governor of the state of California. The facts are stated in the opinion of the court.

*H. Goodcell, Jr.*, for Applicant.

*Attorney-General Johnson, contra.*

Fox, J. — This is an application for a writ of mandate against the governor of the state, requiring him, in his forthcoming proclamation for the general election to be holden on the first Tuesday after the first Monday in November next, to call for and order the election of two judges of the superior court in and for the county of San Bernardino, instead of one, as proposed by the governor.

No point is made in this case as to the power of the court to issue its writ for such a purpose against the executive, and in the view we take of the real question involved it is unnecessary for us to consider upon or determine this preliminary question.

The facts briefly stated are these: By the statute and laws under which the superior court in San Bernardino County was originally organized, provision was made for but one judge of that court. Under the law as it thus stood, Hon. James A. Gibson was elected judge for the term commencing on the first Monday in January, 1885, and ending on the first Monday in January, 1891. May 13, 1889, he resigned, when Hon. C. W. C. Rowell, the present incumbent, was appointed. Under the law, that appointment continues until the next general election, which will be in November, in 1890. At that time an election must be held to fill the vacancy created by the resignation of Judge Gibson, for the balance of the unexpired term for which Judge Gibson was elected. (Const., art. 6, sec. 6.) That term itself, however, expires on the first Monday in January following, so that under the constitution the people will also be required at the same election to elect a judge of the superior court for the full term of six years commencing on the first Monday in January next, in place of the judge who may finish out the term for which Judge Gibson was

originally elected, and which term then expires. This is the plain course of proceeding to be pursued, so far as relates to the judgeship originally created under the constitution, for that county.

Section 9 of article 6 of the constitution empowered the legislature at any time, by a two-thirds vote of the members of both houses, to increase or diminish the number of judges of the superior court in any county. Acting under this authority, the legislature did, on March 5, 1887, by an act duly passed, increase the number of judges of the superior court for the county of San Bernardino from one to two, and empowered the governor to appoint an additional judge, to hold office until the first Monday after the first day of January, 1889, and provided that at the "next general election a judge of such superior court should be elected, to hold office for the term prescribed by the constitution and the law." The next general election was that one held in November, 1888, at which a judge was elected in accordance with the provisions of said act. The question here relates to the term of his office. Does it expire under "the constitution and the law" at the same time with that of the other judge of the same court? or was he elected for the term of six years from and after the first Monday after the first day of January, 1889?

To our minds, the answer to this question is, under the constitution, too clear to require argument, or the citation of authorities other than the constitution itself. The people did not elect the present incumbent in 1888 to fill a vacancy, or the balance of an unexpired term, but to fill a new office created by authority of the constitution, the term whereof commenced, by the provisions of the law of its creation, on said first Monday after the first day of January, 1889, and which, by the provisions of the constitution (art. 6, sec. 6), runs for the period of six years. We think that under the provision of the constitution as now established there can be no doubt

that whenever a new judgeship is created by the legislature in any county, the first judge elected to fill the place is entitled to hold the same for the term of six years from the first Monday after the first day of January next succeeding such election, and the future terms thereof commence at each succeeding sixth year. No vacancy in a term can occur until a term has commenced, and there is nothing in the constitution which requires that the terms of the judges of all the superior courts, or of all the judges of the same superior court, should begin and end at the same time. Nor is there anything to indicate that the judges of these courts are all to be elected at regular elections for state officers. Under the terms fixed by the constitution, this could not be made to happen oftener than once in twelve years, if all were to be elected at the same time. But taking the provisions of the constitution and the language of the act creating the office together, there can be no doubt about the time of the commencement of the term of this office, or that the incumbent is to hold for the full term prescribed by the constitution. Section 2 of the act reads: "Within ten days after the passage of this act, the governor shall appoint an additional judge of the superior court of the said county of San Bernardino, who shall hold office until the first Monday after the first day of January, A. D. 1889, and at the next general election a judge of said court of said county shall be elected, to hold office for the term prescribed by the constitution and the law.."

The term prescribed by the constitution is six years, and there is no law prescribing a different term, so there is no conflict between the constitution and the law.

The writ must be denied. So ordered.

WORKS, J., SHARPSTEIN, J., McFARLAND, J., BEATTY, C. J., and PATERSON, J., concurred.