[No. 15877.   In Bank.—September 27, 1894.]

THE PEOPLE ex rel. ROBERT L. HARGRAVE,
Petitioner, v. H. H. MARKHAM, Governor, etc.,
Respondent.

JUDGE OF SUPERIOR COURT—COMMENCEMENT OF TERM—CONSTITUTIONAL
LAW—NEWLY CREATED JUDGE.—Under section 6 of article VI of the
constitution, the commencement of the first regular full term of every
newly created superior judgeship commences on the first Monday in
January after the next ensuing general state election, and the legisla-
ture has no power to extend the provisional term of office of a newly
created judge beyond such date.

ID.—MADERA COUNTY—PROVISIONAL TERM OF OFFICE.—Section 14 of the
act of March 11, 1893, creating the county of Madera, so far as it
attempts to provide that the judge of the superior court elected under
that act shall hold his office until the first Monday in January, 1897, is
in conflict with section 6 of article VI of the constitution.  The term
of office of the judge provisionally elected under that act expires on the
first Monday in January, 1895, and his successor is to be elected at the
general state election of 1894 for a full constitutional term.

APPLICATION for a writ of mandate.

The facts are stated in the opinion of the court.

*William T. Searles, W. H. Larew,* and *Robert L. Har-
grave,* in *propria persona,* for Petitioner.

A superior judge in a new county is a constitutional
officer, and must derive his right to hold office from the
constitution itself.   (*People* v. *Sands,* 102 Cal. 12; *People*
v. *Ransom,* 58 Cal. 558.)   Superior judges can only be
elected at a general state election and on even numbered
years.   (Const., art. VI, sec. 6; art. XX, sec. 20; art.
XXII; sec. 10; *People* v. *Pendegast,* 96 Cal. 293.)

*Attorney General W. H. H. Hart,* and *Francis A. Fee,*
for Respondent.

Section 14 of the act of March 11, 1893, creating
Madera county is not unconstitutional.   (Const., art.
IV, sec. 25, subd. 11; art. XX, sec. 4; *People* v. *Waterman,*
86 Cal. 27.)

*George W. Schell,* and *Justin Jacobs,* for Kings County.

BEATTY, C. J.—This is an agreed case by which the question is submitted to the court whether at the approaching general election a judge of the superior court of the county of Madera is to be chosen by popular vote.   In form the proceeding is a petition for a writ of mandate to the governor commanding him to include in his forthcoming election proclamation a call for the election of said judge.

No question is raised as to the power of the court to issue its mandate to the head of the executive department of the state government, but, on the contrary, it is conceded that if the question stated is answered in the affirmative the writ shall issue.

The county of Madera was created by an act of the legislature approved March 11, 1893 (Stats., 1893, p. 168), out of territory theretofore included in the county of Fresno.   The act provided, among other things, for the appointment of a board of commissioners to call, conduct, and verify the results of a special election of the officers necessary to complete the organization of the county.   Among the officers to be so chosen, a judge of the superior court was expressly included.·  In pursuance of these provisions a special election was held in said county on the 16th of May, 1893, and on the 20th of the same month said board of commissioners declared the county to be duly organized.   Among other officers chosen at said special election the Hon. W. M. Conley was elected to the office of judge of the superior court, and on the twenty-third day of May he received from the governor a commission empowering him to hold said office "*for the term provided by law.*"   The question to be decided here is, When does that term expire? or, in other words, When does a regular term of the office, to be filled by choice of the electors at a regular election, commence?

By section 14 of the act creating the county it is provided that: "The judge of the superior court chosen under this act shall hold his office until the first Monday in January, eighteen hundred and ninety-seven, and

until his successor is elected and qualified." If this provision is not in conflict with the constitution it is plain that the first regular full term of the office does not commence until January, 1897, and consequently, that no judge of said court is to be chosen before the general state election in November, 1896. (Const., art. VI, sec. 6.) But the relator contends that by this very section of the constitution the commencement of the first regular full term of every newly created superior judgeship is fixed for the first Monday in January after the next ensuing general election, and, consequently, that the legislature exceeded its power in attempting to extend the term of the judge to be chosen at the special election in Madera county beyond the first Monday of January, 1895.

We think this contention must be sustained. The legislature has the undoubted power to create new counties, and when a new county is created the office of superior judge of such county necessarily springs into existence. (Const., art. VI, sec. 6.) Additional judges may also be provided for in the old counties. (Art. VI, sec. 9.) Whenever one of these new offices is created there is, of course, a necessity that it should be provisionally filled in some manner until the commencement of a regular constitutional term, and if the constitution is silent upon this point, the power of the legislature to make such provisional arrangement by statute cannot be questioned. But if the constitution has fixed the commencement of the first regular term of such newly created office the legislature has no power to fill the office for a term extending beyond the date so fixed.

We think the constitution has prescribed a rule which applies not only to the counties in existence at the date of its adoption, and to the office of superior judge therein, but to all counties organized thereafter, and to all additional judgeships, however created.

"There shall be in each of the organized counties and cities and counties of the state a superior court, for each of which at least one judge shall be elected by the quali-

fied electors of the county or city and county, *at the general state election.* . . . . The term of office of judges of the superior courts shall be six years from and after the first Monday of January next succeeding their election." (Const., art. VI, sec. 6.)   The words "*at the general state election,*" as applied to newly created judgeships, must have some definite meaning ascribed to them, and the only definite meaning they can have is the *first* general election after the creation of the office.   If they do not mean the first election they certainly do not mean the second or third, and if the legislature can extend the term of the judge provisionally elected or appointed beyond the first Monday in January after the first general election they have the power to extend it indefinitely—a power for which no one would be so bold as to contend.

It might, perhaps, have been plausibly argued when this question was a new one, that the regular terms of all newly created judgeships should correspond with those established by the constitution for the old counties, viz: that they should commence in 1885, 1891, 1897, and so on; but when the legislature was first called upon to give its construction to the constitution it rejected this view in favor of the one first above stated. By the act providing for an additional judge in San Bernardino county (Stats. 1887, p. 19), it recognized the first Monday in January, 1889, as the commencement of the first regular term of the office, and the validity of the act was sustained by this court in *People* v. *Waterman*, 86 Cal. 28.   In all subsequent acts providing for additional judges in the older counties the same rule has been followed.   (San Diego, Stats. 1889, p. 5; San Luis Obispo, Stats. 1889, p. 6; Los Angeles, Stats. 1889, p. 130; Tulare, Stats. 1891, p. 61; Alameda, Stats. 1893, p. 3.)   As to the first three of these acts (of 1889), they of course fit either view as to the commencement of the regular terms, but the last two and the act of 1887 fit only the view which we have approved.   In organiz-

ing new counties the legislature has followed this view in the act creating Riverside (Stats. 1893, p. 3). The act creating Orange county (Stats. 1889, p. 6) conforms to either view, while the acts creating Glenn, Madera, and Kings counties (Stats. 1891, p. 98; 1803, pp. 168, 179), seem to have been based upon the theory suggested that the regular terms commence only in the years 1885, 1891, 1897, etc. The legislature, it will thus be seen, has in this matter been inconsistent with itself, and we think has in the three acts last cited transgressed the constitution both in its letter and in its spirit. There is no one thing more apparent in the whole tenor of the constitution than the desire of its framers to establish regularity and uniformity throughout the whole frame and system of the government, and it is not to be supposed that they would leave so important a matter as the regular terms of the superior judges wholly unprovided for. On the contrary, it must be held, if any language of the constitution will warrant us in so doing, that a precise rule on this subject has been laid down, and this rule ought to be harmonized as far as possible with another leading idea of the framers of the constitution, viz: that the people as a rule should choose their public officers at the general elections, and that other modes of filling offices provisionally should be limited to cases of necessity.

Upon these considerations, and upon what we deem the soundest construction of the constitution, we hold in accordance with the view which has generally found favor with the legislature, that a superior judge should be chosen in Madera county at the approaching regular election for a full constitutional term. Nothing decided in *People* v. *Waterman*, 86 Cal. 27, is in conflict with this view, and when the language of the opinion is considered with reference to the fact that the election there referred to was a general state election it will be seen that it does not apply to this case.

Let the peremptory writ issue.

HARRISON, J., DE HAVEN, J., VAN FLEET, J., and Mc-
FARLAND, J., concurred.

GAROUTTE, J., being absent, did not participate in the
above decision.