[L. A. No. 12153. In Bank.—February 20, 1930.]

W. M. KERR, as Registrar of Voters, etc., Petitioner, v. H. E. RUSSELL, as Purchasing Agent, etc., Respondent.

Jennings & Belcher for Petitioner.

Everett W. Mattoon, County Counsel, and R. C. McAllister, Deputy County Counsel, for Respondent.

THE COURT.—The petition for a rehearing is denied. The alternative writ of mandate was heretofore denied without opinion. In order to set at rest the question sought to be presented herein it should now be stated that the petition is without merit. ■ It has always been the policy of our law to preserve uniformity throughout the state as to the time for the election of elective county officers. Section 2¾ of article II of the Constitution preserves that uniformity and provides for the election at the primary elections of nonpartisan county officers who receive votes on a majority of all the ballots cast for such officers. This is a general provision, is applicable throughout the state, and is self-executing. Section 7½ of article XI of the Constitution prescribes how and in what manner county freeholders' charters may be adopted. It is therein provided: ''All elective officers of counties . . . shall be nominated and elected in the manner provided by general laws for the nomination and election of such officers.'' This is a provision relating especially to county freeholders' charters. ■ The last sentence in section 2¾ of article II of the Constitution is general and purports to apply to all freeholders' charters, but it must be held to apply only to freeholders' charters wherein it is competent under other provisions of the Constitution to provide for a different mode, such as in municipal freeholders' charters. ■ The special provision of section 7½ of article XI above quoted must therefore be controlling over the last sentence of section 2¾ of article II, which is general in its nature. ■ Also any provisions of the Los Angeles County charter which are inconsistent with the controlling portion of section 2¾ of article II of the Constitution must be governed by the latter. ■ Consequently said section 2¾ has operated since its adoption in November, 1926, so as to provide for the election of nonpartisan county officers of Los Angeles County at the primary election, and the names of such officers so elected were not in 1928 and are not required to be placed on the ballot at the succeeding general election.