[S. F. No. 14084. In Bank.—October 10, 1930.]

R. M. DeWOODY, Petitioner, v. C. F. BELDING, as County Clerk, etc., et al., Respondents.

Bond & Dierup for Petitioner.

J. Oscar Goldstein for Respondents.

SHENK, J.—Petition for a writ of *mandamus* to compel the respondent C. F. Belding, as County Clerk of the County of Butte, to cause to be printed on the ballots to be used at the general election to be held on November 4, 1930, in the second supervisorial district in said county the name of the petitioner as a candidate for supervisor for said district for the four-year term commencing the fifth day of January, 1931.

At the general election in November, 1926, one George T. Meeker was elected supervisor for said district for the four-year term commencing in January, 1927. He qualified and

served until September 16, 1930, when he died. He was a candidate for re-election at the primary election held on August 26, 1930. The respondent A. H. Mahon was also a candidate at said primary election for said office for the full term. Meeker received 1183 votes and the respondent Mahon received 726 votes. On September 20, 1930, the petitioner was appointed to the office of supervisor in and for said district to fill the vacancy caused by the death of Meeker and to hold said office until the election and qualification of his successor. He is now the duly appointed, qualified and acting supervisor in and for the said district.

. On September 29, 1930, the petitioner filed a paper with the respondent County Clerk pursuant to section 1188 of the Political Code, nominating the petitioner as a candidate for said office for the full term commencing January 5, 1931. On September 30, 1930, the respondent Mahon also filed with the County Clerk, pursuant to said section 1188, a similar nomination paper for the same purpose. The respondent County Clerk has announced that he intends to print said ballot with the name of the respondent Mahon as the sole candidate for said office. Hence this petition. A general demurrer has been interposed.

Incidentally it may be noted that both the petitioner and the respondent Mahon have filed nomination petitions under said section 1188 for the unexpired term commencing upon the qualification of the successful candidate at the general election on November 4th next and ending on January 5, 1931. No controversy has arisen with reference to the sufficiency or effectiveness of the nomination papers for the unexpired term. The question presented is whether the petitioner's name should be printed on the ballot as a candidate for the full term.

Section 2¾ of article II of the Constitution, adopted in 1926, provides in part that "Any candidate for a . . . county . . . office who at the primary election shall receive votes on a majority of all the ballots cast for candidates for the office for which such candidate seeks nomination, shall be elected to such office." The foregoing provision is self-executing and operates when there are two or more candidates for the one office. Meeker and the respondent Mahon were the two candidates for this one office at the recent primary election and the constitutional provision

above quoted was effective to constitute Mecker the duly elected candidate for said office. Whatever effect may be given to the last sentence in section 2¾ of article II of the Constitution, an inspection of the charter of the county of Butte discloses that there is nothing therein which would prevent the foregoing quoted constitutional provision from having full force and effect as to the election of Meeker. ■ He was, therefore, elected at said primary election and if he had lived he would have been entitled to a certificate of election and, upon qualifying, to succeed himself for the full term commencing January 5, 1931, and his name would not appear on the ballot at the forthcoming general election. In legal effect the primary election was a final election so far as the two candidates for said office were concerned. The death of Mecker on September 16th did not convert the primary election into a nominating election as to either candidate, and section 25 of the Direct Primary Law (Stats. 1913, p. 1407) would have no application. That section contemplates a situation where no one of three or more candidates receives votes on a majority of all the ballots cast for candidates for the particular office. In such case there is no election, but the nomination only of the two receiving the highest number of votes. In other words, in the absence of an election under the new constitutional provision, two candidates are nominated for the office and they are the ''candidates chosen at the primary election to go on the ballot for the succeeding general election.'' If a vacancy occur as between those two candidates ''the name of the candidate receiving at said primary election the next highest number of votes, shall go upon the ballot to fill the vacancy.''

The result of the primary election in said superviso·ial district of Butte County was, therefore, that Mceker was elected, Mahon was defeated, and neither was nominated as contemplated by section 25 of the Direct Primary Law (Stats. 1913, p. 1407). ■ Meeker's right to the office to which he had been elected was inchoate. He did not qualify and did not become an incumbent of the office. His death did not create a present vacancy in the full term office. (See Pol. Code, sec. 996.) That office must necessarily be filled by election or by appointment by the Governor. The power of appointment would not accrue until after the

commencement of the full term office. (*People* v. *Ward*, 107 Cal. 236 [40 Pac. 538].) ▮ An election is available to the people of the district under the provisions of said section 1188, unless it must be said that Meeker's election at the primary election has deprived them of that right. We think it may not be so declared. The election of Meeker was rendered abortive by his untimely death.

We have, then, a situation wherein there is a full term office to be filled and no one elected to fill it; there is no candidate for said office resulting from the primary election; the time has not passed within which candidates may be nominated for that office and be voted for at the general election, November 4th; section 1188 of the Political Code provides the means for such nomination. Both the petitioner and the respondent Mahon have been nominated pursuant to that section and the names of both as candidates for said office should be printed on the ballot to be used in said district at the ensuing general election.

Let the peremptory writ issue as prayed.

Richards, J., Waste, C. J., and Preston, J., concurred.

Curtis, J., and Langdon, J., dissented.