[S. F. No. 15157. In Bank.—May 16, 1934.]

A. G. BEARDEN, Petitioner, v. C. J. COLLINS, Registrar of Voters, etc., Respondent.

Sullivan, Roche, Johnson & Barry and W. T. Sweigert for Petitioner.

John J. O'Toole, City Attorney, for Respondent.

Paul C. Dana, as *Amicus Curiae* on Behalf of Respondent.

PRESTON, J.—Petitioner seeks a peremptory writ of mandate commanding respondent, as Registrar of Voters of the City and County of San Francisco, State of California, to omit from the proceedings leading up to the primary election to be held August 28, 1934, all reference to the office of judge of the Superior Court of the State of California in and for the City and County of San Francisco, designated as office No. 3. In response to an order to show cause, respondent has filed a demurrer to the petition.

It appears that in 1928 Judge George H. Cabaniss was duly elected to the superior court of said city and county for a full term of six years, ending on the first Monday after the first day of January, 1935. He duly qualified and thereafter acted as such judge until April 19, 1934, on which date he died. His death, therefore, occurred during the year in which an election would have been regularly held to elect his successor for the ensuing full term of six years. Petitioner contends that the effect of the death of Judge Cabaniss on said date will be to delay the election of his successor to the general election of 1936 and that no election to fill said office can be held during the year 1934.

In support of this position she relies on section 8 of article VI of the state Constitution, which provides: ''The term of office of judges of the superior courts shall be six years from and after the first Monday of January after the first day of January next succeeding their election. A vacancy in such office shall be filled at the next succeeding general state election after the first day of April next succeeding the accrual of such vacancy by the election of a judge for a full term to commence on the first Monday of January after the first day of January next succeeding his election. The governor shall appoint a person to hold such vacant office until the commencement of such term.''

Petitioner argues that the second sentence of said provision is so clear and unambiguous that there is no room for judicial interpretation or construction thereof. If we accept this contention it follows that no election can be held in 1934 to fill said office and this is so even though the Governor might choose not to appoint any person to fill said vacancy and thus the office would remain vacant until the first Monday after the first day of January in 1937. This necessarily must be the argument of petitioner, otherwise she has no standing in court as the vacancy has not as yet been actually filled.

Again, following the same reasoning, had Judge Cabaniss lived until after election day of this year, and yet not stood for re-election, or had he run, been defeated and thereafter, and before the first Monday after the first day of January, 1935, had resigned or died, the judge-elect could not qualify as such officer for the ensuing term and his election would be void.

We cannot agree that such results were contemplated by the people in adopting said constitutional provision. Said clause, within itself, gives convincing evidence that the intent was to provide for the filling of vacancies for the remainder of the existing term in which they might occur and that the deferred·election for this purpose must be held before the expiration of such term; that when such election is held it is not to fill the vacancy for the unexpired portion of the existing term but is an election for the full ensuing term. Clearly, the provision does not contemplate a deferred election in a year when the general law provides for a regular election to fill the new term to begin

the following year. Therefore, when a term is expiring at the close of the year of a general election, the occurring of a vacancy at any time in such year is a false quantity, except that, under the last sentence of said provision, the vacancy can be filled by the Governor until the commencement of the new term. Moreover, in order to harmonize the first sentence of said provision and other related provisions of the Constitution with the sentence under construction, it is necessary to give it the above meaning.

Again, to give the provision the construction contended for by petitioner would be to arbitrarily add two years to the term of the office held by Judge Cabaniss, which expires at the end of the present year, and to follow such addition by conducting an election to fill a vacancy almost two years after expiration of the term in which it occurred.

■ Under article VI, section 6, of the Constitution, it was clearly the intent of the framers that the people should reserve to themselves the right to elect such judges and their successors at regular intervals and that any other mode of filling said offices should be by use of an emergency method to fill vacancies until a general election should be held.

■ We therefore construe said constitutional provision above quoted to mean that the election of a successor to Judge Cabaniss shall proceed in the same manner as though no vacancy in the office has occurred and that the successor elected by the people at the coming election shall hold said office for the full term of six years, commencing on the first Monday after the first of January, 1935, and that any appointee named by the Governor hereafter shall hold office only for the remainder of the present unexpired term, which ends on said first Monday after the first day of January, 1935.

The petition for writ of mandate is denied.

Langdon, J., Spence, J., *pro tem.*, and Knight, J., *pro tem.*, concurred.

SHENK, J., Dissenting.—I dissent.

There can be no escape from the conclusion that section 8 of article VI of the Constitution in plain and unambiguous language provides that a vacancy in the office of

superior judge shall be filled by election at the general election occurring after the first day of April next succeeding the accrual of the vacancy, and that at such election the person elected shall hold for a full term of six years; also that the Governor shall appoint a person to fill such vacant office until the commencement of that full term.

When the Constitution, as to the facts presented, speaks plainly and with no uncertainty, the court should obey. Every canon of jurisprudence is to that effect. In such case there is no opportunity for construction. It is, of course, a cardinal rule that the intention of the lawmakers should be followed, but this rule is subject to the imperative and paramount rule that the court cannot depart from the meaning of language which is free from ambiguity. In such case the office of the judge is to declare what is contained therein, "not to insert what has been omitted or to omit what has been inserted". (Sec. 1858, Code Civ. Proc.; *Seaboard Acceptance Corp.* v. *Shay,* 214 Cal. 361, 366 [5 Pac. (2d) 882].) The Constitution itself declares that its provisions are mandatory and prohibitory. (Sec. 22, art. I.) If the language used shows plainly and unequivocally a definite purpose, it is the duty of the courts to carry that purpose into effect. When no two meanings can be placed on the language used, it is mandatory, the courts are not at liberty to look elsewhere, and are bound to obey it. (*Boca Mill Co.* v. *Curry,* 154 Cal. 326 [97 Pac. 1117]; 5 Cal. Jur., p. 598, and cases cited.) If the meaning of the provision in question were doubtful, one need go no further than the argument sent to every voter in the state in 1926 to ascertain its meaning as understood by the voters. The argument was as follows: "If a vacancy occurred after April first of an election year, the time is too short to circulate petitions and satisfactorily prepare for an election at the August primary, and in such case the governor will make an appointment to fill the vacancy until the next election year." This argument may be resorted to for aid (which is not necessary here), in ascertaining the meaning of the amendment. (*Beneficial Loan Society* v. *Haight,* 215 Cal. 506 [11 Pac. (2d) 857]; *Cypress Lawn C. Assn.* v. *San Francisco,* 211 Cal. 387 [295 Pac. 813]; *Yosemite L. Co.* v. *Industrial Acc. Com.,* 187 Cal. 774 [204 Pac. 226, 20 A. L. R. 994]; *Story* v. *Richardson,* 186 Cal. 162 [198 Pac.

1057, 18 A. L. R. 750].)  There should be no hesitancy on the part of the court to apply the constitutional provision in its plain and unambiguous sense, especially as applied to the facts presented.  If under a different state of the facts its literal enforcement would lead to an absurdity or tend to thwart the preferential right to elect, that situation may adequately be dealt with when it arrives.  It might well be argued that if a vacancy occurred at a time when the machinery of election, under the Constitution and statutes providing for elections, had already occupied the field and the electorate were then in process of election for the forthcoming full term, or the full term about to commence had already been filled by an election, in such event the election might proceed, or the position be deemed filled by the election; but we have no such case before us.  On the contrary, we are confronted with a state of facts which renders the plain meaning of the Constitution directly applicable with no results leading to absurdity or even inconvenience.

It is highly significant that in 1928 sections 3 and 4a of article VI of the Constitution, with reference to vacancies in the Supreme Court and District Courts of Appeal, were amended to provide by explicit language for the contingency which the majority are now reading into and adding to section 8 by a process of construction.  Moreover, the Constitution of 1879 (sec. 6, art. VI) provided: "If a vacancy occur in the office of a judge of the superior court, the governor shall appoint a person to hold the office until the election and qualification of a judge to fill the vacancy, which election shall take place at the next succeeding general election, and the judge so elected shall hold office for the remainder of the unexpired term."  What the majority have done has been to re-establish the rule of 1879, notwithstanding the last expression of the people in the amendment of 1926.  In my judgment the plain and unmistakable mandate of the amendment,. as to the facts now presented, should be given full effect by the issuance of the writ. .

Waste, C. J., and Sturtevant, J., *pro tem.*, concurred.