[Civ. No. 25783. Third Dist. Mar. 2, 1987.]

DAVE STIRLING, as General Counsel, etc., Plaintiff and Appellant, v. AGRICULTURAL LABOR RELATIONS BOARD, Defendant and Respondent;
UNITED FARM WORKERS OF AMERICA, AFL-CIO, Real Party in Interest and Respondent.

1306

Counsel

Dave Stirling and Eduardo R. Blanco for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

Dianna Lyons and Daniel A. Garcia for Real Party in Interest and Respondent.

## Opinion

SPARKS, J.—In this case we consider the award of attorney's fees under Government Code section 800 to the prevailing "complainant" for arbitrary or capricious conduct by a public entity or its officers. We hold that the complainant is the party who initiates the civil action to appeal or review the determination of any administrative proceeding and that the trial court consequently erred in awarding attorney's fees to the prevailing real party in interest. We further hold that the conduct of the public officer in question did not constitute arbitrary or capricious action.

Dave Stirling, the general counsel of the Agricultural Labor Relations Board (General Counsel), petitioned the superior court for a writ of prohibition and/or mandate seeking an order requiring the Agricultural Labor Relations Board to adopt standards for reviewing settlements proposed by the

General Counsel during unfair labor practice proceedings and to consider a proposed settlement in the matter of the McCarthy Farming Company, Inc. proceeding in light of that standard. The trial court summarily denied the petition and awarded attorney's fees to the real party in interest, United Farm Workers of America, AFL-CIO (UFW), pursuant to Government Code section 800. The General Counsel appeals from the order awarding attorney's fees. We shall reverse.

FACTS

In 1982, 1983 and 1984, the UFW filed unfair labor practice charges against McCarthy Farming Company, Inc. On January 18, 1984, the General Counsel issued a complaint against McCarthy and the matter was set for hearing in May 1984. Prior to the hearing the General Counsel was dubious about the case, but the staff attorney assigned to the case assured him that the case could be established in a hearing that would not take more than two or three weeks. The General Counsel allowed the attorney to pursue the case. After 53 days of hearings, with the case well short of its conclusion, the General Counsel contacted McCarthy's counsel to discuss settlement. The UFW was advised of the negotiations and invited to participate, but it refused on the ground that its representatives were involved in the presidential campaign at the time. The General Counsel next sought but was denied a continuance of the administrative hearing. The General Counsel then advised the UFW of the time and place where negotiations would take place. When representatives of the UFW did not attend the negotiations, the General Counsel entered into a unilateral settlement agreement with McCarthy.

The stipulated settlement was submitted to the administrative law judge (ALJ) hearing the case. He rejected it. The General Counsel and McCarthy sought approval of the settlement from the Agricultural Labor Relations Board (Board). The Board issued a decision which stated: "At this stage of the proceeding the Board deems it is appropriate to defer to the ALJ's conclusion that a prima facie case has been established and that in light of that conclusion the proposed settlement agreement would not effectuate the purposes and policies of the Act."

With respect to the General Counsel, the Labor Code provides: "He shall have final authority, on behalf of the board, with respect to the investigation of charges and issuance of complaints under Chapter 6 (commencing with Section 1160) of this part, and with respect to the prosecution of such complaints before the board." (Lab. Code, § 1149.) ▪ Under the Agricultural Labor Relations Act the prosecutorial and adjudicatory roles are separate. The General Counsel is the prosecutor, and hence is independent of

the Board in this function. (*Tex-Cal. Land Management, Inc.* v. *Agricultural Labor Relations Bd.* (1979) 24 Cal.3d 335, 345 [156 Cal.Rptr. 1, 595 P.2d 579]; *Belridge Farms* v. *Agricultural Labor Relations Bd.* (1978) 21 Cal.3d 551, 557 [147 Cal.Rptr. 165, 580 P.2d 665].) The General Counsel believed that the Board's refusal to consider the settlement was an invasion of his statutory functions and he petitioned for a writ of mandate and/or prohibition. Contrary to the characterization of the case by the UFW and the trial court, the General Counsel did not seek an order compelling the Board to approve the settlement. He sought instead an order requiring the Board to adopt an appropriate legal standard for the review of settlements, and then to consider the McCarthy settlement in light of the adopted standard.

The trial court denied the petition for extraordinary relief without issuing an alternative writ. The court reasoned that once charges are instituted the Board has discretion to determine whether the proceeding should be abandoned; there may be no intermediate review of the Board's decisions unless a clear departure from statutory jurisdiction is shown; and the General Counsel lacked standing to pursue the matter. In addition to dismissing the petition, the court awarded attorney's fees and costs to the UFW under Government Code section 800. The General Counsel appeals from the award of attorney's fees.

### Discussion

Government Code section 800 provides in relevant part: "In any civil action to appeal or review the award, finding, or other determination of any administrative proceeding under this code or under any other provision of state law, except actions resulting from actions of the State Board of Control, where it is shown that the award, finding, or other determination of such proceeding was the result of arbitrary or capricious action or conduct by a public entity or an officer thereof in his official capacity, the complainant if he prevails in the civil action may collect reasonable attorney's fees, but not to exceed one thousand five hundred dollars ($1,500), where he is personally obligated to pay such fees, from such public entity, in addition to any other relief granted or other costs awarded. . . ."

■ As we shall explain, UFW was not entitled to recover fees under this section for at least two reasons. First, it was not "the complainant" in the writ proceeding. Second, the filing of the writ proceeding by the General Counsel cannot be described as "arbitrary or capricious."

■ We start with the first point. By its terms, the statute limits the recovery of attorney's fees to "the complainant" who prevails in a civil action

to review arbitrary or capricious action by a public entity or its officers. A complainant is a party who seeks redress in a legal proceeding. (Black's Law Dict. (4th ed. rev.) p. 356, col. 2.) In the context of Government Code section 800, it is the party who seeks appellate review of an adverse determination in an administrative hearing and who successfully asserts that the official conduct in question was arbitrary or capricious. Thus the complainant under the statute is the appellant, cross-appellant or petitioner, as the case may be, and not the respondent or real party in interest.

When the Legislature intends that the successful side shall recover its attorney's fees no matter who brought the legal proceeding, it typically uses the term "prevailing party." (See, e.g., Bus. & Prof. Code, §§ 7044; 7169; Civ. Code, §§ 55; 86; 789.3, subd. (d); 815.7; 1584.5; 1584.6; 1714.1, subd. (b); 1717; 1717.5; 1811.1; 1942.5; 2983.4; 3250; Code Civ. Proc., §§ 128.5; 396b; 527.6, subd. (h); 547, subd. (e); 731.5; 1021.4; 1021.6; 1032, subd. (b); Gov. Code, § 19765; 91012; Pub. Contract Code, § 20464; Pub. Resources Code, § 25455; Pub. Util. Code, § 453.) On the other hand, when the Legislature desires to authorize the award of fees only to one side or the other, it signals that intent by using such terms as "plaintiff" (see, e.g., Bus. & Prof. Code, §§ 7398; 21140.4; Civ. Code, §§ 52, subd. (a); 1785.31, subd. (d); 1786.50, subd. (a); 1812.34; Code Civ. Proc., §§ 482.110, subd. (b); 553, subd. (b); 585, subd. (a); 1021.5; 1031; Corp. Code, § 27200; Evid. Code, § 1158; Health & Saf. Code, §§ 7109; 18035, subd. (i); Ins. Code, §§ 1619; 11629; 11708; Pen. Code, §§ 496, subd. 4; 653.60) or "defendant" (see, e.g., Code Civ. Proc., §§ 391; subd. (c); 399; 490.020; 585.5, subd. (e); 1021.7; 1030; 1235.140; Prob. Code, § 703; Sts. & Hy. Code, § 6620). Such an intent to award fees only to one side is revealed in the structure of Government Code section 800. As the context of that statute makes clear, the Legislature only intended that the party bringing the appeal or writ proceeding, and not any prevailing party, should be eligible for attorney's fees. It is, after all, only an appellant or petitioner who would seek appellate review of official acts on the grounds they are "arbitrary or capricious." Respondents and real parties, in contrast, seek no relief. Instead of seeking review and reversal, they seek denial and affirmance. Since the statute covers both appeals and writ proceedings, it is only sensible that the Legislature would employ a term that describes parties who seek relief in both proceedings, an appellant and a petitioner, alike: the complainant.[1]

---

[1] The Legislature has occasionally used the term "complainant" in other statutes authorizing the award of attorney's fees. Thus, for example, Civil Code section 1798.53 authorizes the award of attorney's fees, litigation costs and exemplary damages to the successful "complainant" in an action for invasion of privacy. As the context of that statute makes clear, the complainant is the plaintiff who brings the action.

At oral argument, counsel for UFW argued that "the complainant" referred to any party who appeared in the proceeding and somehow registered a complaint about something. But the statutory term describes a party's status in the litigation, not his conduct. We reject this tortured construction of the statute which would transmogrify a complainant into any party. The admonition against judicial construction of the plain meaning of a statute bears repeating here: ■ "When statutory language is clear and unambiguous, there is no need for construction and courts should not indulge in it." (*People* v. *Overstreet* (1986) 42 Cal.3d 891, 895 [231 Cal.Rptr. 213, 726 P.2d 1288]; citations omitted.) A complainant under the statute is plainly the person who initiated the appellate proceedings and that person in this case was the General Counsel. Since UFW was not the complainant in the writ proceedings, it was not statutorily eligible to recover its attorney's fees even though it prevailed.

We turn next to the finding that the General Counsel's action was "arbitrary or capricious." ■ In the usual case the determination of whether an action by an administrative agency is arbitrary and capricious is a question of fact for the trial court to resolve. (*Halaco Engineering Co.* v. *South Central Coast Regional Com.* (1986) 42 Cal.3d 52, 79 [227 Cal.Rptr. 667, 720 P.2d 15].) However, in this case the trial court ruled without issuing an alternative writ, and without taking any evidence. The court's order constituted a holding that on its face and as a matter of law the petition for extraordinary relief constituted arbitrary and capricious action by the General Counsel. In this circumstance the trial court's finding is not entitled to the deference accorded findings which are made upon conflicting evidence but may be reviewed as a question of law. (See *David Kikkert & Associates, Inc.* v. *Shine* (1970) 6 Cal.App.3d 112, 116 [86 Cal.Rptr. 161]. See also *Parsons* v. *Bristol Development Co.* (1965) 62 Cal.2d 861, 865-866 [44 Cal.Rptr. 767, 402 P.2d 839].) Accordingly we consider whether the General Counsel's action of filing a petition for extraordinary relief on its face constituted arbitrary and capricious action.

■ "The award of attorney's fees under Government Code section 800 is allowed only if the actions of a public entity or official were wholly arbitrary or capricious. The phrase 'arbitrary or capricious' encompasses conduct not supported by a fair or substantial reason, a stubborn insistence on following unauthorized conduct, or a bad faith legal dispute." (*Kreutzer* v. *County of San Diego* (1984) 153 Cal.App.3d 62, 78 [200 Cal.Rptr. 322], citations omitted; cited with approval in *Halaco Engineering Co.* v. *South Central Coast Regional Com., supra,* 42 Cal.3d at p. 79.) Attorney's fees may not be awarded simply because the administrative entity or official's action was erroneous, even if it was "clearly erroneous." (*Kreutzer* v. *County of San Diego, supra.*)

■ We find no basis for an award of attorney's fees in this case. The trial court's order was the result of a misconception about the relief the General Counsel was seeking. The court characterized the petition as an effort "to compel the ALRB to approve the settlement." The court reasoned the General Counsel does not have standing to seek review of the decisions of the Board, that there is no basis for intermediate review of Board decisions, and that the Board has discretion to determine whether an instituted proceeding may be terminated. But the General Counsel was not attempting to obtain approval of the settlement. He asserted that the Board was refusing to exercise its discretion to determine whether a settlement should be approved and he sought an order compelling the Board to consider the settlement. There is a vast difference between an action to control discretion and one to compel its exercise. "While ordinarily, mandamus may not be available to compel the exercise by a court or officer of the discretion possessed by them in a particular manner, or to reach a particular result, it does lie to command the exercise of discretion—to compel some action upon the subject involved." (*Hollman* v. *Warren* (1948) 32 Cal.2d 351, 355 [196 P.2d 562]. See also *Anderson* v. *Phillips* (1975) 13 Cal.3d 733, 737 [119 Cal.Rptr. 879, 532 P.2d 1247].) The Board's order rejecting the settlement in the McCarthy case presents an arguable basis for concluding that the Board has adopted a blanket policy of refusing to consider settlements after the proceedings have commenced. The General Counsel's decision to seek an order compelling the Board to exercise its discretion cannot be held to have been wholly arbitrary and capricious on its face.

■ We also reject the conclusion that the General Counsel lacked standing to pursue the matter. The trial court concluded, by reference to federal decisions interpreting the National Labor Relations Act, that once proceedings are instituted the Board has the discretion to determine whether they should be abandoned. The General Counsel did not dispute this point. He argued that he is the one charged with the responsibility of negotiating settlement of the action. (See *Local 282, International Brotherhood of Teamsters, etc.* v. *N.L.R.B.* (2d Cir. 1964) 339 F.2d 795, 799.) And, he further argued, the adoption of a blanket rule by the Board refusing to consider settlements negotiated by him would deprive him of his statutory authority. While the General Counsel would not have standing to seek review of the decisions of the Board, he does have standing to seek to vindicate encroachment upon his statutory authority.

In resolving this appeal we need not, and do not, indicate a resolution of the merits of the petition for a writ of prohibition and/or mandate. It is sufficient that, properly construed, the General Counsel's petition for extraordinary relief cannot be deemed arbitrary and capricious on its face and as a

matter of law. Accordingly the order awarding attorney's fees under Government Code section 800 must be reversed. This conclusion renders it unnecessary for us to consider the General Counsel's contentions that the claim for attorney's fees was not placed before the court in an appropriate fashion (see *Rutherford* v. *Board of Trustees* (1974) 37 Cal.App.3d 775, 782 [112 Cal.Rptr. 560]), that the trial court should not have awarded fees without giving him an opportunity to respond with argument and evidence on the issue (see *Plumbing etc. Employers Council* v. *Quillin* (1976) 64 Cal.App.3d 215, 221-222 [134 Cal.Rptr. 332]), and this is not the type of action to which Government Code section 800 has any application (see *Forrest* v. *Trustees of Cal. State University & Colleges* (1984) 160 Cal.App.3d 357, 365-368 [206 Cal.Rptr. 595]; *Ferris* v. *Los Rios Community College Dist.* (1983) 146 Cal.App.3d 1, 11 [194 Cal.Rptr. 16]).

The award of attorney's fees to respondent UFW is reversed and the matter remanded to the trial court with directions to enter a new and different order denying UFW's request for attorney's fees.

Puglia, P. J., and Evans, J., concurred.

The petition of real party in interest and respondent for review by the Supreme Court was denied May 20, 1987.