Filed 1/10/18; Certified for Publication 1/22/18 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| LAND PARTNERS, LLC et al., | |
| Plaintiffs and Appellants, | G053664 |
| v. | (Super. Ct. No. 30-2013-00680074) |
| COUNTY OF ORANGE, | O P I N I O N |
| Defendant and Respondent. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Peter J. Wilson, Judge. Affirmed.

Enterprise Counsel Group, David A. Robinson, James S. Azadian and Cory L. Webster for Plaintiffs and Appellants.

Leon J. Page, County Counsel and Laurie A. Shade, Deputy County Counsel for Defendant and Respondent.

In this taxpayer refund action, Land Partners, LLC, and Los Alisos Ranch Company (collectively, Land Partners) appeal from a postjudgment order denying their motion for attorney fees brought pursuant to Revenue and Taxation Code section 5152.[1] Although the court had found the County of Orange Assessor (Assessor) used a constitutionally invalid methodology in valuing Land Partners' property for property tax purposes, the court determined there was no evidence the Assessor's actions were due to his subjective belief that a certain constitutional provision, statute, rule or regulation was invalid or unconstitutional. Because the court concluded proof of the latter was a statutory prerequisite to recovery of fees under the statute, it held Land Partners was not entitled to attorney fees.

Land Partners contend the court erred in interpreting section 5152. It asserts proof of the Assessor's subjective mindset is not required. Instead, it claims showing a violation of well-established and unambiguous law is sufficient for recovery of attorney fees. We disagree and affirm the order.

FACTS

Land Partners owns an approximately 68-acre parcel of land, improved with a mobile home park, in the City of Westminster. Following a change in ownership of the property, the Assessor reassessed it for property tax purposes. The Assessor's appraisal valued the property at $60,010,000, and Land Partners was sent a property tax bill based on that valuation.

Believing the Assessor erred in valuing the property, Land Partners appealed to the County of Orange Assessment Appeals Board. Following the receipt of

---

[1] All further statutory references are to the Revenue and Taxation Code unless otherwise stated.

oral and documentary evidence, the appeals board sustained the Assessor's valuation. This lawsuit ensued.

Land Partners' complaint for a property tax refund alleged the Assessor had overvalued the property by at least $22 million. It claimed the erroneous valuation was caused by the Assessor's incorrect application of the appropriate valuation method, the income method, which is described in rule 8 of the State Board of Equalization Property Tax Rules (Cal. Code Regs., tit. 18, § 8) (Rule 8). Among the relief sought was a refund of excess taxes collected by the County of Orange based on the alleged erroneous assessment and attorney fees.

Based on pretrial filings, it became clear to the court the parties agreed the income method was the proper appraisal method to use in valuing the property and the fair market value was the proper value standard. They disagreed, however, about the meaning of "fair market value" in the assessment context, including the types of data to be used in calculating the value.

Following a limited trial, during which the court received expert testimony from both parties concerning the proper application of the income method, the court concluded, "in material respects[,] the Assessor's valuation of the properties in question was arbitrary, in excess of discretion, and/or in violation of the standards prescribed by law." Specifically, it found the Assessor failed to recognize and apply directions from Rule 8 and section 502 of the State Board of Equalization's Assessors' handbook, meaning the "assessment was not in fact based on the economic reality of how the subject property would be bought and sold." The court explained this did not meet the constitutional mandate of "'achiev[ing] a reasonable estimate of the true value' of the property."

Among the particular errors the court identified were: (1) there was no evidence demonstrating the Assessor had considered any market data in calculating market rent for the mobile home spaces; (2) the Assessor did not use sufficient diligence

3

to determine operating expenses based on market data; (3) there was a complete lack of evidentiary support for the Assessor's conclusion a 95 percent occupancy rate could be achieved within two years; (4) the Assessor erroneously refused to factor all known and reported damage at the property into his calculation of repair costs; and (5) the calculated repair costs lacked evidentiary support. It entered judgment accordingly and remanded the matter to the County of Orange Assessment Appeals Board so the board could hold further proceedings and receive evidence concerning the identified deficiencies.

No party appealed the court's decision on the merits.

Thereafter, Land Partners sought to recover attorney fees pursuant to section 5152. The court denied the motion. In doing so, it interpreted the statute as requiring a showing that the Assessor failed to apply a particular law, rule or regulation because the Assessor subjectively believed it was unconstitutional or invalid. The court declined to make such a finding. Land Partners timely appealed after entry of the order denying its motion for attorney fees.

## DISCUSSION

"A request for an award of attorney fees is entrusted to the trial court's discretion and will not be overturned in the absence of a manifest abuse of discretion, a prejudicial error of law, or necessary findings not supported by substantial evidence." (*Yield Dynamics, Inc. v. TEA Systems Corp.* (2007) 154 Cal.App.4th 547, 577; see *Serrano v. Stefan Merli Plastering Co., Inc*. (2011) 52 Cal.4th 1018, 1025–1026.) Because the primary issue before us concerns legal entitlement to fees based upon statutory interpretation, our review is de novo. (*Goodman v. Lozano* (2010) 47 Cal.4th 1327, 1332.) The court's factual findings, however, are subject to the substantial

4

evidence standard of review. (*Pellegrino v. Robert Half Internat., Inc.* (2010) 182 Cal.App.4th 278, 287-288.)

Though articulated in various ways, Land Partners' challenge concerns the type of evidence needed to establish entitlement to attorney fees under section 5152. As we explain, the interpretation of the statute urged by Land Partners is not supported by the unambiguous language of the statute or case law. (*Kirby v. Immoos Fire Protection, Inc.* (2012) 53 Cal.4th 1244, 1250 [in interpreting statute, "[i]f the statutory language is clear and unambiguous our inquiry ends"].)

Section 5152 provides, in relevant part: "In an action in which the recovery of taxes is allowed by the court, if the court finds that the void assessment or void portion of the assessment was made in violation of a specific provision of the Constitution of the State of California, of this division, or of a rule or regulation of the [State Board of Equalization], and the assessor should have followed the procedures set forth in Section 538 in lieu of making the assessment, the plaintiff shall be entitled to reasonable attorney's fees as costs in addition to the other allowable costs."

The section 538 procedures referenced in section 5152 concern the steps an assessor must follow when (a) the assessor believes a property should be assessed in a manner contrary to a specific state constitutional provision, statute, or rule or regulation, because of the assessor's belief the latter is unconstitutional or invalid; or (b) the assessor "proposes to adopt a general interpretation" of a specific state constitutional provision, statute, or rule or regulation, that would result in the denial of a property tax exemption to five or more persons. (§ 538, subd. (a).) Under either of these circumstances, the assessor may not make the assessment and must instead bring an action for declaratory relief against the State Board of Equalization. (*Ibid.*) Following entry of judgment in such an action, the assessor must levy assessments consistent therewith. (*Id.*, subd. (b).)

Based on the clear language of these statutes, there are three prerequisites to obtaining attorney fees under section 5152 in a taxpayer refund action. First, the court

5

must have allowed recovery of taxes. (§ 5152.) Second, the court must have found the void assessment, or portion thereof, was made in violation of a specific provision of the state constitution, the property tax statutes, or a State Board of Equalization rule or regulation. (*Ibid*.) Third, the court must find the assessor subjectively believed a specific provision of the state constitution, the property tax statutes, or a State Board of Equalization rule or regulation was unconstitutional or invalid, and assessed property contrary thereto, but the assessor failed to bring the requisite declaratory relief action. (See *Mission Housing Development Co. v. City and County of San Francisco* (1997) 59 Cal.App.4th 55, 88 ["By its own terms, section 5152 only applies where the assessor should have utilized the procedures set forth under section 538."].)

As for the last of these three elements, the subjective belief of the assessor may be demonstrated through statements made by the assessor or objective facts which evidence the assessor's subjective state of mind. In addition, care must be taken to distinguish between a situation in which an assessor believes a provision to be unconstitutional or invalid, and a situation in which an assessor misinterprets or misapplies a provision. The former would implicate section 5152, whereas the latter would not.

The decisions in *Prudential Ins. Co. v. City and County of San Francisco* (1987) 191 Cal.App.3d 1142 (*Prudential*) and *Phillips Petroleum Co. v. County of Lake* (1993) 15 Cal.App.4th 180 (*Phillips Petroleum*), are illustrative.

In *Prudential*, the plaintiff purchased a hotel property and, as part of the transaction, assumed a loan owed by the seller to Bank of America at a below market rate. (*Prudential, supra*, 191 Cal.App.3d at p. 1146.) The assessor placed a value on the hotel based on an inflated purchase price. (*Ibid*.) In doing so, it erroneously disregarded a State Board of Equalization rule which required the loan to be discounted to its cash equivalent. (*Id*. at pp. 1148-1149.) On appeal, the court upheld an award of attorney fees under section 5251. (*Prudential*, at p. 1156.) In doing so, the court looked to the

6

assessor's testimony to determine his state of mind. (*Id.* at p. 1159.) Because the assessor had testified he disagreed with the board's rule (i.e., he believed it was invalid), the court concluded section 538's procedures should have been followed. (*Prudential*, at pp. 1159-1160.) With the assessor having failed to follow those procedures, the court found an attorney fee award under section 5152 was proper. (*Prudential*, at pp. 1160-1161.)

The same analysis was applied, but a different conclusion reached, in *Phillips Petroleum*. There, the court upheld the denial of attorney fees under section 5152 because "[t]here [was] no indication in the record that the assessor believed [the rule at issue] was unconstitutional or invalid." (*Phillips Petroleum, supra*, 15 Cal.App.4th at p. 198.) It rejected the notion that section 5152 attorney fees are implicated any time an assessor fails to apply a statue or regulation because he or she believes it inapplicable when it is, in fact, applicable. (*Phillips Petroleum*, at p. 198.) In addition, it emphasized the importance of a "factual finding by the court, as a prerequisite to an attorney fee award" (*id.* at p. 197), that the assessor made a "cognitive decision . . . a particular provision, rule or regulation [was] unconstitutional or invalid[,] either on its face or as applied to the circumstances in the case." (*Id.* at pp. 197-198.) Because the record showed the assessor had failed to apply a required rule due to "a misunderstanding of the law," and not due to a belief in its invalidity, the court concluded fees were not available under section 5152. (*Phillips Petroleum*, at p. 198.)

Here, the court expressly declined to find the Assessor's failure to follow the law was the result of his belief it was invalid or unconstitutional. Instead, it concluded the Assessor "just applied [the law] wrongly." As in *Phillips Petroleum*, this is not enough to trigger an award of attorney fees under section 5152.

Land Partners claims the Assessor testified he believed it was improper to apply a certain rule to the valuation of the property at issue. But the "rule" asserted by Land Partners is not the specific type of rule contemplated by section 538, subdivision

7

(a).  Here is the cited testimony from the pretrial deposition of George Singletary, the supervisor of the individual who prepared the appraisal for the County of Orange.

"Question:  Is it your understanding that the result in applying the income method must always reflect the economic reality of how a particular type of property is actually bought and sold?

"Answer:  No.

"Question:  You do not agree that the result must reflect that economic reality; is that correct?

"Answer:  No, I don't agree with that."

This deposition testimony was read after Mr. Singletary testified "I don't understand your term 'economic reality.'"

The testimony cited by Land Partners has little or nothing to do with a cognitive decision that a specific state constitutional provision, statute, or rule or regulation was unconstitutional or invalid.  (§ 538, subd. (a).)  Instead, the testimony was given in answer to a question which contained a snippet of a quotation from a California Supreme Court opinion, taken out of context, dealing with the issue whether a rule adopted by the Board of Equalization for the valuation of petroleum refinery property was constitutional.  (*Western States Petroleum Assn. v. Board of Equalization* (2013) 57 Cal.4th 401, 408.  At issue in the *Western States Petroleum* case, inter alia, was a determination of the proper "appraisal unit" for petroleum refinery property under section 51, subdivision (d), which provides:  "For purposes of this section, 'real property' means that appraisal unit that persons in the marketplace commonly buy and sell as a unit, or that is normally valued separately."  In deciding that the Board of Equalization's new rule appropriately required the "appraisal unit" for petroleum refinery properties to be the aggregate value of the land, improvements and fixtures together, not requiring separate valuations of the land and fixtures, the court noted the definition of "full cash value" for property tax purposes "contemplates that appraisal of real property will reflect the

8

economic reality of how a particular type of property is actually bought and sold." (*Western States Petroleum Assn.*, at pp. 422-423.) Here, the appropriate "appraisal unit" for Land Partners property was never an issue. Nor was there any controversy over how mobile home parks are bought and sold. The Supreme Court's choice of words in analyzing the issue before it in the *Western States Petroleum* case is simply not a specific state constitutional provision, statute, or rule or regulation within the meaning of section 538, subdivision (a). It was merely a recognition by the court that the purchase and sale of petroleum refinery properties normally include both the fixtures and the land, and the fact that such sales normally included both fixtures and land was an "economic reality" to be recognized in conducting an appraisal. Further, Singletary's testimony cannot reasonably be read as stating his cognitive decision that a specific state constitutional provision, statute, or rule or regulation is unconstitutional or invalid. And as the court noted, this testimony was not that of the appraiser who prepared the disputed appraisal. Rather, it was testimony of a County of Orange employee who supervised the person who prepared the appraisal.

Moving away from the Assessor's subjective belief, Land Partners urges us to adopt a rule that would allow recovery of fees under section 5152 anytime an assessor violates a "well-settled and unambiguous" appraisal rule. Alternatively, it proffers a "rebuttable presumption" test, under which it would be presumed an assessor's violation of a law or rule was due to a belief in its invalidity unless otherwise rebutted. Such interpretations find no support in the statute's unambiguous language, or the case law interpreting it. (*Kirby v. Immoos Fire Protection, Inc., supra*, 53 Cal.4th at p. 1250 [unambiguous statutory language governs].) Our role is not to rewrite the laws adopted by the Legislature; we interpret and apply them. (*Berry v. American Express Publishing, Inc*. (2007) 147 Cal.App.4th 224, 232.)

In sum, section 5152 does not apply whenever an assessor merely fails to apply a statute or regulation. "Sections 5152 and 538 require a cognitive decision on the

9

part of the assessor that a particular provision, rule or regulation is unconstitutional or invalid either on its face or as applied to the circumstances in the case." (*Phillips Petroleum, supra*, 15 Cal.App.4th at pp. 197-198.) Accordingly, a factual finding by the court "that the reason the assessor did not apply a particular provision was that he or she believed it to be unconstitutional or invalid" is a prerequisite to an attorney fee award under this section. (*Id.* at p. 197; see *Prudential*, *supra*, 191 Cal.App.3d 1159-1160.) There was no such finding here, making the denial of Land Partners' request for attorney fees proper.

DISPOSITION

The postjudgment order is affirmed.[2] Respondent is entitled to its costs on appeal.

IKOLA, J.

WE CONCUR:

O'LEARY, P. J.

ARONSON, J.

---

[2] The April 3, 2017 request for judicial notice is denied because it presents information not before the trial court at the time of its decision and thus not relevant to our review of the trial court's decision.

10

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| LAND PARTNERS, LLC et al.,<br><br>   Plaintiffs and Appellants,<br><br>       v.<br><br>COUNTY OF ORANGE,<br><br>   Defendant and Respondent. | G053664<br><br>(Super. Ct. No. 30-2013-00680074)<br><br>O R D E R |

      Defendant and respondent and the Los Angeles County Office of the Assessor have requested that our opinion filed on January 10, 2018, be certified for publication. It appears that our opinion meets the standards set forth in California Rules of Court, rule 8.1105(c). The requests are GRANTED.

      The opinion is ordered published in the Official Reports.


                          IKOLA, J.

WE CONCUR:


O'LEARY, P. J.


ARONSON, J.