Filed 5/15/19 (unmodified opn. attached)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| SSL LANDLORD, LLC, et al.,<br><br>　　　　Plaintiffs and Appellants,<br><br>v.<br><br>COUNTY OF SAN MATEO,<br><br>　　　　Defendant and Respondent. | A151318<br><br>(San Mateo County<br>　Super. Ct. No. CIV532369)<br><br>ORDER MODIFYING OPINION<br>AND DENYING REHEARING<br>NO CHANGE IN JUDGMENT<br><br>ORDER DENYING REQUEST<br>TO DEPUBLISH OPINION |

THE COURT:

It is ordered that the opinion filed on April 23, 2019, be modified as follows:

(1) At page five, in the first full paragraph, commencing with "Revenue and Taxation Code section 1611.6," delete the last sentence of that paragraph that reads:

The referenced Government Code Section 800 reads: "(a) In any civil action to appeal or review of the award, finding, or other determination of any administrative proceeding under this code or any other provision of state law . . ., if it is shown that the award, finding, or other determination of the proceeding was the result of arbitrary or capricious action or conduct by a public entity or any officer thereof in his or her official capacity, the complainant if he or she prevails in the civil action may collect from the public entity reasonable attorney's fees . . . ."

(2) At pages six and seven, delete the paragraph (last three lines on page six and first six lines on page seven) that reads:

1

Additionally, as we have held, an " ' "award of attorney's fees under Government Code section 800 is allowed only if the actions of a public entity or official were wholly arbitrary or capricious. The phrase 'arbitrary or capricious' encompasses conduct not supported by a fair or substantial reason, a stubborn insistence on following unauthorized conduct, or bad faith legal dispute." [Citations.] Attorney's fees may not be awarded simply because the administrative entity or official's action was erroneous, even if it was "clearly erroneous." ' " (*American President Lines, Ltd. v. Zolin* (1995) 38 Cal.App.4th 910, 934, quoting *Stirling v. Agricultural Labor Relations Bd.* (1987) 189 Cal.App.3d 1305, 1312.)

(3) At page eight, delete first full paragraph, that reads:

Because the Board's resolution of Silverado's assessment appeals was neither arbitrary nor capricious, nor caused by a legal position taken in bad faith, no award of attorney fees is warranted under section 1611.6.

and substitute the following paragraph:

Because the Board's resolution of Silverado's assessment appeals was neither arbitrary nor capricious, no award of attorney fees is warranted under section 1611.6.

The petition for rehearing is denied. There is no change in the judgment.

The request to depublish the opinion is denied.


Dated: ___May 15, 2019____                               ___SIGGINS, J._____ P.J.




A151318      *SSL Landlord, LLC v. County of San Mateo*


2

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| SSL LANDLORD, LLC, et al., Plaintiffs and Appellants, v. COUNTY OF SAN MATEO, Defendant and Respondent. | A151318 (San Mateo County Super. Ct. No. CIV532369) |

Plaintiffs SSL Landlord, LLC, SSL Tenant, LLC, and Health Care Reit, Inc. (hereinafter collectively referred to as "Silverado") appeal from a post judgment order denying a motion for attorney fees under Revenue and Taxation Code sections 1611.6 and 5152.[1]  We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

The order denying Silverado's request for attorney fees relates to its tax refund lawsuit which is the subject of an appeal resolved in a separate opinion.  (See *SSL Landlord, LLC v. County of San Mateo* (April 23, 2019, A150878) [nonpub. opn.].)  We set forth only those facts that are necessary to resolve this appeal.

Silverado purchased an assisted living and memory care facility, known as the Silverado Senior Living Belmont Hills (property).  The San Mateo County Assessor (Assessor) assessed the property's fair market value for property tax purposes at $26.4 million for the October 14, 2011 base year value assessment and the 2012/2013 regular assessment.

---

[1]     All further unspecified statutory references are to the Revenue and Taxation Code.

Silverado filed administrative appeals, seeking a refund of paid property taxes based on a challenge to the Assessor's valuation. Following a three-day hearing, the San Mateo County Assessment Appeals Board (Board) issued a 22-page decision in which it concluded the assessment value of $26.4 million was indicative of the fair market value of the subject property "based on the record in this matter." The Board specifically found that the income approach analysis was the appropriate method for determining the fair market value of the subject property. "Using the income approach, an appraiser estimates 'the future income stream a prospective purchaser could expect to receive from the enterprise and then discounts that amount to a present value by use of a capitalization rate.' [Citations.] In other words, the fair market value of an income producing property is estimated as the present value of the property's expected future income stream." (*Elk Hills Power, LLC v. Board of Equalization* (2013) 57 Cal.4th 593, 604–605 (*Elk Hills Power*).)

The Assessor testified before the Board regarding his application of the income approach to determine the fair market value of the subject property. He explained that he calculated a stabilized income stream for the facility on the property and deducted from that amount fixed charges, reserves, and a base management fee of five percent. The Assessor then applied a capitalization rate of 7.75% and deducted an amount for the potential loss of income, arriving at the rounded market value of $26.4 million. The Assessor "assum[ed] the presence of intangible assets . . . necessary to put the taxable property to beneficial or productive use" (§ 110, subd. (e)) and accounted for the presence of intangible assets subsumed in the facility's projected income stream by the deduction of the base management fee of five percent. Silverado took the position that the Assessor's deductions were not sufficient and he should have made *additional* deductions to the projected income stream to account for the values of the intangible assets. In response to Silverado's contention, and after in camera receipt of Silverado's tax documents during the administrative hearings, the Assessor prepared for the Board a revised income approach analysis (in the form of a spreadsheet exhibit) in which he made *additional* deductions for the values of those intangible assets that Silverado claimed had

2

been impermissibly subsumed in the assessment value. However, Silverado objected to the admission of the Assessor's revised analysis because Silverado was not presenting "an intangibles case" and therefore, it would not be producing evidence of quantified values of the intangible assets. At Silverado's request, the Board did not consider the Assessor's revised analysis, which supported a downward adjustment to the assessment value, and instead considered only the Assessor's original analysis underpinning the $26.4 million valuation and Silverado's challenge to that analysis.

Based on consideration of the evidence and testimony admitted at the administrative hearings, the Board found that the Assessor's methodology had appropriately accounted for the values of all intangible assets to be deducted from the facility's projected income stream prior to taxation. In so concluding, the Board emphasized that the Assessor had attempted to remove any value attributable to the intangible assets by deducting a base management fee and that Silverado had set forth no credible evidence of quantified values of any intangible assets that it alleged were subsumed in the Assessor's income approach analysis. Therefore, in the absence of any evidence of the quantified values of any identified intangible assets, the Board found the Assessor's methodology had appropriately accounted for the value of the business enterprise.

A bench trial was held on Silverado's complaint, after which the trial court issued a 17-page statement of decision finding in favor of both Silverado and the County of San Mateo (County). The court found, in pertinent part, that the Board appropriately used an income approach analysis to determine the fair market value of the subject property as proposed by the Assessor. However, the court agreed with Silverado that the income approach analysis used by the Assessor did not adequately make "all necessary deductions" to remove the value of intangible assets that Silverado claimed had been impermissibly subsumed in the assessment value. In ordering the Board to issue a new decision, the court indicated the remand hearing was for the "narrow purpose" of allowing the Board to clarify its valuation using an income approach analysis and based on the evidence that had been admitted at the administrative hearings. The court also

3

noted that the Board could allow the parties to submit additional evidence limited to assisting the Board in making its new determination of the valuation using an income approach analysis, and, if necessary, determinations of quantified values of those intangible assets that Silverado claimed had been impermissibly subsumed in the assessment value.

Following the issuance of the trial court's decision on the merits, Silverado filed a motion for an award of attorney fees under sections 1611.6 and 5152, which the County opposed. The court ruled that none of the statutory bases for the award of attorney fees applied in this case. In its written order, the court stated section 5152 was not applicable (without further comment) and section 1611.6 did not apply because "the Board's findings 'include[d] all legally relevant sub-conclusions supportive of its ultimate decision' such that [the court] is 'able to trace and adequately examine the Board's mode of analysis.' [(] *Farr v. County of Nevada* (2010) 187 Cal.App.4th 669, 686.[)]" Silverado's timely appeal ensued.

## DISCUSSION

Silverado challenges the trial court's denial of its request for attorney fees on various grounds, all of which are unavailing.

### I. Standard of Review

Our standard of review is well settled. " 'A request for an award of attorney fees is entrusted to the trial court's discretion and will not be overturned in the absence of a manifest abuse of discretion, a prejudicial error of law, or necessary findings not supported by substantial evidence.' [Citations.] Because the primary issue before us concerns legal entitlement to fees based upon statutory interpretation, our review is de novo. [Citation.] The court's factual findings, however, are subject to the substantial evidence standard of review. [Citation.]" (*Land Partners, LLC v. County of Orange* (2018) 19 Cal.App.5th 741, 745 (*Land Partners*).)

### II. Attorney Fees Under Section 1611.6

Silverado argues the trial court erred in denying its request for attorney fees under section 1611.6 because the Board did not make compliant findings under section 1611.5

4

and the Board's findings were so deficient as to require remand to secure compliance with section 1611.5.  We disagree.

Revenue and Taxation Code section 1611.6 provides, in relevant part: "If the county board fails to make findings upon request, or if findings made are found by a reviewing court to be so deficient that a remand to the county board is ordered to secure reasonable compliance with the elements of findings required by Section 1611.5, the action of the county board shall be deemed to be arbitrary and capricious within the meaning of Section 800 of the Government Code, so as to support an allowance of reasonable attorney's fees against the county for the services necessary to obtain proper findings."  The referenced Revenue and Taxation Code section 1611.5 provides, in pertinent part, that the Board's "written findings of fact shall fairly disclose the board's determination of all material points raised by the party in his or her petition and at the hearing, including a statement of the method or methods of valuation used in appraising the property."  The referenced Government Code Section 800 reads: "(a) In any civil action to appeal or review of the award, finding, or other determination of any administrative proceeding under this code or any other provision of state law . . ., if it is shown that the award, finding, or other determination of the proceeding was the result of arbitrary or capricious action or conduct by a public entity or an officer thereof in his or her official capacity, the complainant if he or she prevails in the civil action may collect from the public entity reasonable attorney's fees . . . ."

Silverado contends the trial court's remand order reflects that the Board did not address "the material points raised based on the evidence presented by [Silverado]" and did not include "all of the legally relevant sub-conclusions supportive of its ultimate decision."  On that basis, Silverado argues the Board's findings "were so deficient as to require remand to secure compliance with Section 1611.5."  In its reply brief, Silverado further argues that (1) the trial court erred by not ruling that the Board's findings were deficient, but this court can make that finding; (2) the trial court's use of the word " 'narrow' " to describe the purpose of the remand did not make the Board's findings " 'sufficient' "; (3) substantive deficiencies in the Board's findings were not cured simply

because the findings were understandable; (4) the trial court was not required to explicitly find the Board's findings were " 'arbitrary and capricious' " to support a fee award because the statute establishes the requisite standard; and (5) the deficiencies in the Board's findings were not caused by Silverado's " 'invited error.' " Silverado's contentions are unavailing.

In addressing the Board's compliance with the fact-finding requirements of section 1611.5, it is self-evident that the Board fully met the statute's requirements that it "fairly disclose" its decisions of all "material points" raised by Silverado in the petition and at the administrative hearings, "including a statement of the method or methods of valuation used in appraising the property." (§ 1611.5.) The Board issued a 22-page decision in which it set forth the applicable law and the parties' burdens of proof, found the record supported the use of an income approach analysis in determining fair market value, and gave detailed reasons for accepting the Assessor's valuation evidence and rejecting Silverado's valuation evidence and challenges to the Assessor's valuation evidence. Additionally, the Board's written findings of fact were in harmony with case law interpreting section 1611.5. As explained in *Farr v. County of Nevada*, *supra*, 187 Cal.App.4th at p. 686, the Board's findings of fact under section 1611.5 "should include all legally relevant subconclusions supportive of its ultimate decision so that a reviewing court is able to trace and adequately examine the Board's mode of analysis," and "shall address specifically its reasoning for accepting or rejecting each issue raised by the parties." Thus, even if the Board's decision in this case did not "cover every evidentiary matter," the Board's findings did " 'enable the reviewing court to trace and examine the agency's mode of analysis.' " (*Midstate Theatres, Inc. v. County of Stanislaus* (1976) 55 Cal.App.3d 864, 888 [appellate court found tax board's findings complied with section 1611.5 even though findings did not cover every evidentiary matter pressed by applicant].)

Additionally, as we have held, an " ' "award of attorney's fees under Government Code section 800 is allowed only if the actions of a public entity or official were wholly arbitrary or capricious. The phrase 'arbitrary or capricious' encompasses conduct not

6

supported by a fair or substantial reason, a stubborn insistence on following unauthorized conduct, or a bad faith legal dispute." [Citations.] Attorney's fees may not be awarded simply because the administrative entity or official's action was erroneous, even if it was "clearly erroneous." ' " (*American President Lines, Ltd. v. Zolin* (1995) 38 Cal.App.4th 910, 934, quoting *Stirling v. Agricultural Labor Relations Bd.* (1987) 189 Cal.App.3d 1305, 1312.)

In resolving Silverado's complaint for a tax refund based on an excessive assessment value, the trial court found the Board had the option of valuing the property by applying an income approach that used either the actual operating income of the facility on the subject property (the Assessor's method) or comparable rents of other properties (the method used by Silverado's expert appraiser). According to Silverado, the use of comparable rents of other properties "assures that no intangible value is included in the assessment" value. However, because Silverado's expert appraiser's "comparable" rental properties were not actually comparable, the court found the Board had appropriately relied on the actual operating income of the facility on the subject property. Nonetheless, the trial court agreed with Silverado that the Board's use of the actual operating income of the facility on the subject property did not make "all necessary deductions" to remove the value of intangible assets that Silverado claimed had been impermissibly subsumed in the assessment value. In ordering a remand for a new determination, the court allowed Silverado a second opportunity to present additional data of comparable rents of other properties in support of the income approach used by its expert appraiser. If the Board were again to decide to apply an income approach using the actual operating income from the facility on the subject property, then the Board was directed to quantitively value any intangible assets, and, if appropriate, deduct the values of the intangible assets from the projected income stream prior to taxation. While the trial court remanded for a new determination, we concur with its explicit finding that the Board's failure to make all necessary valuations and deductions for intangible assets was an "invited error" caused, in significant part, by Silverado's objection that prohibited the admission of the Assessor's evidence of quantified values of the intangible assets that

7

Silverado claimed had been impermissibly subsumed in the assessment value.

Because the Board's resolution of Silverado's assessment appeals was neither arbitrary nor capricious, nor caused by a legal position taken in bad faith, no award of attorney fees is warranted under section 1611.6.

## III.     Attorney Fees Under Section 5152

Silverado also contends attorney fees should be awarded under section 5152 because the Assessor intentionally ignored or rejected governing case law without first seeking declaratory relief under section 538.  We again disagree.

Section 5152 reads as follows: "In an action in which the recovery of taxes is allowed by the court, if the court finds that the void assessment or void portion of the assessment was made in violation of a specific provision of the Constitution of the State of California, of this division, or of a rule or regulation of the board, and the assessor should have followed the procedures set forth in Section 538 in lieu of making the assessment, the plaintiff shall be entitled to reasonable attorney's fees as costs in addition to the other allowable costs.  This section is ancillary only, and shall not be construed to create a new cause of action nor to be in lieu of any other provision of law."  The referenced Section 538 reads, in pertinent part: "(a) If the assessor believes that a specific provision of the Constitution of the State of California, of this division, or of a rule or regulation of the board is unconstitutional or invalid, and as a result thereof concludes that property should be assessed in a manner contrary to such provision, or the assessor proposes to adopt general interpretation of a specific provision of the Constitution of the State of California, of this division, or of a rule or regulation of the board, that would result in a denial to five or more assesses in that county of an exemption, in whole or in part, of their property from property taxation, the assessor shall, in lieu of making such an assessment, bring an action for declaratory relief against the board under Section 1060 of the Code of Civil Procedure [declaratory relief]. . . ."

"[T]here are three prerequisites to obtaining attorney fees under section 5152 in a taxpayer refund action.  First, the court must have allowed recovery of taxes.  (§ 5152.)  Second, the court must have found the void assessment, or portion thereof, was made in

8

violation of a specific provision of the state constitution, the property tax statutes, or a Board of Equalization rule or regulation. (*Ibid.*) Third, the court must find the assessor subjectively believed a specific provision of the state constitution, the property tax statutes, or a Board of Equalization rule or regulation was unconstitutional or invalid, and assessed property contrary thereto, but the assessor failed to bring the requisite declaratory relief action. [Citation.] 'By its own terms, section 5152 only applies where the assessor should have utilized the procedures set forth under section 538.' [¶] As for the last of these three elements, the subjective belief of the assessor may be demonstrated through statements made by the assessor or objective facts which evidence the assessor's subjective state of mind. Care must be taken to distinguish between a situation in which an assessor believes a provision to be unconstitutional or invalid, and a situation in which an assessor misinterprets or misapplies a provision. The former would implicate section 5152, whereas the latter would not." (*Land Partners*, *supra*, 19 Cal.App.5th at p. 746; see *Ocean Avenue LLC v. County of Los Angeles* (2014) 227 Cal.App.4th 344, 354 [section 5152 requires trial court to make factual finding that a flawed assessment was based on the Assessor's belief that a tax law was unconstitutional, rather than a misunderstanding of the law]; *Phillips Petroleum Co. v. County of Lake* (1993) 15 Cal.App.4th 180, 197–198 ["[s]ections 5152 and 538 require a cognitive decision on the part of the assessor that a particular provision, rule or regulation is unconstitutional or invalid either on its face or as applied to the circumstances of the case"].)

We initially note that neither party addresses whether or not the first prerequisite to an award of attorney fees under 5152 has been met. As noted, an award of attorney fees is only authorized in an action in which the court "must have allowed the recovery of taxes." (§ 5152.) Here, the court has not as yet allowed the recovery of taxes. It has remanded the matter to the Board for further proceedings to clarify its findings on the existing administrative record, and, if appropriate, to allow the parties to present additional evidence on the valuation of the property using an income approach analysis.

Moreover, we see nothing in the record that supports Silverado's position that the Assessor "disregarded and sought to circumvent positive law and the judicial decisions

9

construing that law" regarding the valuation of intangible assets. The Assessor did not challenge any law or rule governing the valuation of intangible assets. Nor did the Assessor ever claim that the quantified values of nontaxable intangible assets should not be excluded from the assessment value, and he did not refuse to deduct any quantified values of intangible assets that were impermissibly subsumed in the assessment value. Instead, the Assessor took the appropriate position that an income approach analysis required him to consider and remove any quantifiable values of identified intangible assets from the projected income stream prior to taxation, and he had attempted to remove those values in performing his original analysis. To the extent Silverado claims the Assessor's income approach analysis fails to remove all quantified values for identified intangible assets, the Assessor properly took the position that his original analysis was based on the information given to him by Silverado, and that it was Silverado's burden to produce credible evidence that the fair market value of any intangible assets had been impermissibly subsumed in the valuation. (*Elk Hills Power*, *supra*, 57 Cal.4th at p. 615.) Thus, when Silverado produced its income tax returns, the Assessor prepared a revised income approach analysis, recalculated quantified values of identified intangible assets, and removed those amounts from the facility's projected income stream, which resulted in a downward adjustment to the assessment value. However, Silverado objected to the Board's consideration of the Assessor's proffered evidence supporting his revised analysis and, consequently, the Board properly found that Silverado had failed to meet its burden of producing credible evidence of the quantified values of identified intangible assets that were impermissibly subsumed in the assessment value.

In conclusion, the trial court made no finding, and we see no basis to make a finding, that the Assessor's position was based on a belief that a tax law or regulation was unconstitutional or invalid either on its face or as applied in this case. Unlike the factual circumstance in *Ocean Avenue LLC v. County of Los Angeles*, *supra*, 227 Cal.App.4th 344, we are not here concerned with an assessor who " 'advanced the Constitution' " and

10

urged both the Board and the trial court not to apply a statutory law " 'because the scenario [the law] protects . . . is "too good to be true." ' " (*Id*. at p. 349.)

Accordingly, Silverado is not entitled to an award of attorneys under section 5152.

## IV.     Conclusion

For the reasons we have stated, we uphold the trial court's order.  Silverado has failed to demonstrate the court either made a prejudicial error of law, or abused its discretion, in denying the request for attorney fees under sections 1611.6 and 5152.

**DISPOSITION**

The order, filed May 9, 2017, is affirmed.  Defendant County of San Mateo is awarded costs on appeal.

_____
Petrou, J.

WE CONCUR:


_____
Siggins, P.J.


_____
Wiseman, J.[*]


*SSL Landlord, LLC v. County of San Mateo/151318*


Trial Court:   San Mateo County Superior Court
_____
[*] Retired Associate Judge of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Trial Judge:  Barbara J. Mallach

Counsel:      Greenberg Traurig, C. Stephen Davis and Andrew W. Bodeau, for Plaintiffs and Appellants.

Rebecca M. Archer and Kristina M. Paszek, Deputy County Counsel, for Defendant and Respondent.