Filed 12/8/20; Certified for Publication 1/4/21 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| CHINESE THEATRES, LLC, | B302708 |
| Plaintiff and Respondent, | Los Angeles County Super. Ct. No. BC687084 |
| v. | |
| COUNTY OF LOS ANGELES, | |
| Defendant and Appellant. | |

APPEAL from a postjudgment order of the Superior Court of Los Angeles County, Christopher K. Lui, Judge. Reversed.

Nicole Davis Tinkham and Alima Starr Coleman, Assistant County Counsel, Richard Girgado, Drew M. Taylor, and Thomas R. Parker, Deputy County Counsel; Lamb and Kawakami, Michael K. Slattery and Thomas G. Kelch, for Defendant and Appellant.

Thomas E. Montgomery, County Counsel (San Diego) and Walter J. De Lorell III, Deputy County Counsel (San Diego), for California State Association of Counties as Amicus Curiae on behalf of Defendant and Appellant.

Greenberg Traurig, C. Stephen Davis and Colin W. Fraser, for Plaintiff and Respondent.

---

## INTRODUCTION

This appeal arises out of a property tax refund action brought by plaintiff Chinese Theatres, LLC (Chinese Theatres or company) against defendant County of Los Angeles (County). After remanding this matter to the Los Angeles County Assessment Appeals Board (Board) to reduce the value of real property owned by Chinese Theatres and to correct the tax roll, the trial court awarded Chinese Theatres attorney fees under Revenue and Taxation Code[1] section 1611.6. The County appeals the award, arguing Chinese Theatres was not entitled to fees under section 1611.6. We agree and reverse the postjudgment order awarding Chinese Theatres fees.

## FACTUAL AND PROCEDURAL BACKGROUND

Chinese Theatres owns real property in Hollywood, California (Property), on which the historic landmark formerly known as the Grauman's Chinese Theatre is located. About eight years ago, Chinese Theatres and TCL Corporation (TCL) entered into the "Theatre Naming Rights Agreement" (TNRA), granting TCL the right to name the theater the "TCL Chinese Theatre." The TNRA also granted TCL various advertising rights concerning the theater and its operation.

---

[1] All undesignated statutory references are to the Revenue and Taxation Code.

After the TNRA was executed, the Los Angeles County Assessor (Assessor) assessed the Property's value for tax purposes for the 2013 base year. The Assessor initially valued the Property at $55.8 million but later increased the value to $69.3 million. The Assessor attributed about $26 million of the Property's value to revenue generated by the TNRA.

Chinese Theatres appealed the Assessor's decision to the Board, seeking a reduction of the Property's value for tax purposes. Among other things, Chinese Theatres asked the Board to deduct the amount the Assessor attributed to the TNRA, arguing the agreement was an intangible asset exempt from the Property's assessment under California law.

The Board agreed with Chinese Theatres, in part, concluding the TNRA included "some measurable amount of intangible value … ." Specifically, the Board found half of the TNRA was an intangible asset, so only 50 percent of the revenue generated by the agreement should be included in the Property's value for tax purposes. The Board, therefore, reduced the Property's value by $13 million. The Board did not explain, however, how it determined that half of the TNRA constituted a tangible, taxable asset.

After the Board issued its decision, Chinese Theatres filed this lawsuit against the County for refund of property taxes. Chinese Theatres challenged, among other things, the Board's determination that half of the TNRA was a taxable asset. The Assessor filed a cross-petition for writ of mandate against the Board, seeking an order requiring the Board to vacate its decision exempting 50 percent of the revenue generated by the TNRA from the Property's assessment.

Following a bench trial, the court issued a statement of decision finding the entire TNRA was an intangible asset exempt from the Property's assessment. The court explained that the Board's decision to treat part of the TNRA as a taxable asset was flawed in two ways. First, the Board's decision violated California law exempting intangible assets from property tax assessments. Second, the decision was procedurally flawed because the Board didn't explain how it determined half of the revenue generated by the TNRA was taxable or cite any evidence to support its conclusion, rendering its decision on that issue "arbitrary and invalid."

Before entering judgment, the court directed the parties to meet and confer, " 'with an eye toward[ ] avoid[ing] a remand,' " regarding " 'the simple, ministerial, arithmetic calculation' " needed to amend the Property's value in light of the court's decision. Although the parties "agreed that it may be possible to calculate the amount of refund arithmetically, [they could not] agree that remand could be avoided due to various procedural issues that [Chinese Theatres] contend[ed] must be addressed by the Assessment Appeals Board."

The court entered judgment in favor of Chinese Theatres and remanded the matter to the Board with the following directions: "This action is remanded to the Board for further proceedings consistent with this judgment and the Court's Statement of Decision entered herein. Upon remand, the Board is ordered to remove one-hundred percent (100%) of the value of the [TNRA] from the base year value of the TCL Chinese Theatre, … and to thereafter cause the necessary corrections to be made to

the tax roll. The preceding sentence establishes the sole purpose of the remand."[2] The County did not appeal the court's judgment.

Chinese Theatres later moved for attorney fees under section 1611.6. The company argued it was entitled to fees because the Board failed to make sufficient findings under section 1611.5 when it found part of the TNRA was a taxable asset. The Assessor and the Board opposed the motion.

The court, through a different judge from the one who entered judgment, granted Chinese Theatres's motion and awarded the company nearly $180,000 in attorney fees. The court reasoned that the judgment remanding the action "implicitly required" the Board to make new findings that comply with section 1611.5. The court explained, "[b]ecause the Board's findings were deemed deficient and the court remanded the matter back for 'further proceedings consistent with[ ] the judgment,' the remand necessarily is to 'secure reasonable compliance with the' Board's requirement to issue final determinations that [are] 'supported by the weight of the evidence.' "

The County appeals the postjudgment order awarding Chinese Theatres attorney fees.

---

[2] The final sentence of the remand order was interlineated by hand into the judgment after the parties agreed to include it.

## DISCUSSION[3]

The County contends the court erred in awarding Chinese Theatres attorney fees under section 1611.6. Alternatively, the County argues the amount of the fees award was unreasonable and should be reduced. We agree with the County that Chinese Theatres was not entitled to attorney fees and, therefore, reverse the fees award in its entirety.

1. **Standard of Review and Applicable Provisions of the Revenue and Taxation Code**

We generally review a trial court's award of attorney fees for abuse of discretion. (*Land Partners, LLC v. County of Orange* (2018) 19 Cal.App.5th 741, 745.) But where, as here, the prevailing party's entitlement to fees turns on an issue of statutory interpretation, our review is de novo. (*Ibid.*)

In this case, the court found Chinese Theatres was entitled to attorney fees under section 1611.6. That statute provides in relevant part: "If the county board fails to make findings upon request, or if findings made are found by a reviewing court to be

[3] The County filed a request asking us to take judicial notice of the following documents: (1) a "Stipulation to Implement Court's Judgment" filed with the Board in July 2019, after the court entered the judgment in this case; (2) a "Motion Sheet" also filed with the Board in July 2019 after the court entered judgment; (3) a transcript of the Board's July 2019 hearing after the court entered judgment; and (4) legislative history materials concerning Senate Bill 285, which enacted section 1611.6 in 1977. We deny the County's request as to the stipulation, motion sheet, and hearing transcript, because those records were generated *after* the court entered the judgment giving rise to the award of attorney fees in this case. We grant the County's request as to the legislative history materials.

so deficient that a remand to the county board is ordered to secure reasonable compliance with the elements of findings required by Section 1611.5, the action of the county board shall be deemed to be arbitrary and capricious within the meaning of Section 800 of the Government Code, so as to support an allowance of reasonable attorney's fees against the county for the services necessary to obtain proper findings." (§ 1611.6.)

Section 1611.5 establishes when and how a county appeals board must make findings when reviewing an application for reduction of a property tax assessment. Relevant here, that statute requires: "Written findings of fact of the county board shall be made if requested in writing by a party up to or at the commencement of the hearing … . The written findings of fact shall fairly disclose the board's determination of all material points raised by the party in his or her petition and at the hearing, including a statement of the method or methods of valuation used in appraising the property." (§ 1611.5.)

**2.     Section 1611.6's plain language controls.**

"Our primary task in construing a statute is to determine the Legislature's intent." (*Jarrow Formulas, Inc. v. LaMarche* (2003) 31 Cal.4th 728, 733 (*Jarrow Formulas*).) " 'Because the statutory language is generally the most reliable indicator of legislative intent, we first examine the words themselves, giving them their usual and ordinary meaning and construing them in context.' [Citation.]" (*Ramirez v. City of Gardena* (2018) 5 Cal.5th 995, 1000 (*Ramirez*).) " ' "If the language is clear and unambiguous there is no need for construction, nor is it necessary to resort to [extrinsic] indicia of the intent of the Legislature … ." ' [Citation.]" (*Jarrow Formulas,* at p. 735.)

Here, section 1611.6 clearly and unambiguously delineates when a court may award attorney fees to a property owner in a tax refund action. That is, under a plain reading of section 1611.6, it's clear the Legislature intended to allow for an award of attorney fees to compensate for the "services necessary to obtain proper findings" from a county board in only two circumstances. (See § 1611.6.)

The first circumstance appears in the first clause of the statute's opening sentence, where a property owner may recover fees if the court finds the county board failed to make requested findings. (See § 1611.6.) The second circumstance appears in the second clause of the first sentence, where a property owner may recover fees if the court finds the board's findings are so deficient that the court remands the matter back to the board to make new findings that reasonably comply with the requirements of section 1611.5. (See § 1611.6.) As noted above, section 1611.5 requires a county board to fairly disclose how it determined all material points raised by a party in its petition or at the tax refund hearing. (§ 1611.5.) Thus, when read in context with section 1611.5, the second clause of section 1611.6 permits an award of attorney fees only if the court remands the matter to the board with directions to make findings that "fairly disclose the board's determination" on the point at issue, including a "statement of the method or methods of valuation used in appraising the property." (See §§ 1611.5, 1611.6; see also *Esberg v. Union Oil Co.* (2002) 28 Cal.4th 262, 268 [when interpreting a statute, we must examine the statute's words in context].)

Without identifying any ambiguities in section 1611.6's language, Chinese Theatres argues we must begin our analysis with the statute's legislative history. In Chinese Theatres's view,

the statute permits an award of attorney fees under the second clause of the statute in any case where a court finds the county board's findings are deficient or arbitrary, regardless of whether the court remands the matter to the board with directions to make new findings that reasonably comply with section 1611.5's findings requirement. While acknowledging that "the text of the statute includes the [phrase] 'a remand to the county board is ordered,' " Chinese Theatres insists we must ignore that phrase because it does not appear anywhere in section 1611.6's legislative history, including statements from the Legislative Counsel Digest, the Senate Daily File, the Legislative Analyst's Office, and the Department of Finance Analysis.

Chinese Theatres also urges us to consider section 1611.6's remedial nature in interpreting the statute. According to Chinese Theatres, because section 1611.6 is a remedial statute, we must resolve any ambiguities in favor of the parties it was designed to protect—i.e., property owners in tax refund actions. (See *Lande v. Jurisich* (1943) 59 Cal.App.2d 613, 617 [when a remedial statute's meaning is in doubt, courts will interpret it to "suppress the mischief at which it was directed, and to advance or extend the remedy provided"].) Because the statute is remedial in nature and the legislative history "makes no reference to any 'remand,' " the company contends the Legislature did not intend to limit an award of fees under the second clause to circumstances where a court remands the matter with directions for the county board to make findings that reasonably comply with section 1611.5. These arguments lack merit for several reasons.

As a preliminary matter, since section 1611.6's plain language establishes the Legislature's intent to limit attorney fees to cases that fall within the two categories discussed above,

9

we need not consider legislative history or principles of statutory construction when interpreting section 1611.6. (*Jarrow Formulas*, *supra*, 31 Cal.4th at p. 733.) In any event, section 1611.6's legislative history does not compel us to interpret the statute as Chinese Theatres reads it, and the rules of statutory construction support an interpretation of the statute that is consistent with its plain language.

Under well-settled rules of statutory construction, courts are required to give meaning to " ' "every word of a statute if possible[ ] and should avoid a construction making any word surplusage." ' [Citation.]" (*Briggs v. Eden Council for Hope & Opportunity* (1999) 19 Cal.4th 1106, 1118 (*Briggs*).) Courts also lack the power to rewrite a statute to make it conform to a "presumed intention" which is not expressed in the statute itself. (*Jarrow Formulas*, *supra*, 31 Cal.4th at p. 737.)

Chinese Theatres's interpretation of section 1611.6 violates both of these principles. First, it ignores an entire phrase of the statute—"that a remand to the county board is ordered to secure reasonable compliance with the elements of findings required by Section 1611.5 … ." (§ 1611.6.) Second, it essentially asks us to rewrite the statute to permit an award of attorney fees in circumstances not contemplated by the statute's language—i.e., where the court finds a county board's findings are deficient regardless of whether the court remands the matter with directions for the board to issue new findings that comply with section 1611.5. We therefore reject Chinese Theatres's interpretation of section 1611.6 because it fails to "give[ ] meaning and assign[ ] import" to large portions of the statute's text. (See *Briggs*, *supra*, 19 Cal.4th at p. 1118.)

We also disagree with Chinese Theatres's argument that a literal interpretation of section 1611.6's language would lead to absurd results because the statute's legislative history "makes no reference to any 'remand.' " While the statute's legislative history materials do not explicitly reference any requirement that a court remand a tax refund action to a county board before attorney fees may be awarded, those materials contain statements that are consistent with a remand requirement. For example, in its analysis of Senate Bill 285, through which 1611.6 was enacted in 1977, the Department of Finance Analysis explained that the statute was intended to "allow reasonable attorney's fees to be charged against the county *for the services necessary to obtain proper findings*, if the county fails to make findings upon request, or the findings made are found by a reviewing court to be deficient." (Italics added.) Likewise, the Senate Daily File explained, "if a county board of equalization fails to make findings upon request or such findings are found by a reviewing court to be deficient, reasonable attorney's fees be allowed against the county *for services necessary to obtain proper findings*." (Italics added.)

It is reasonable to conclude that the phrase "the services necessary to obtain proper findings" includes the services necessary to reappear before a county board to obtain findings that comply with section 1611.5, not just the services necessary to challenge those findings in court. If the Legislature intended to award attorney fees in any case where a county board's findings are found to be deficient or arbitrary, regardless of whether a remand to secure compliant findings is ordered by the court, it would not have included the language in the statute's second clause requiring such a remand. (See *Ramirez*, *supra*, 5 Cal.5th

at p. 1001 ["If the Legislature had intended plaintiff's interpretation, it would have said so directly, as it easily could have done."].)

In sum, we conclude that section 1611.6's language is clear and unambiguous. Under a plain reading of the statute, attorney fees are permitted in a tax refund action where: (1) a county board fails to make requested findings; or (2) the court concludes the board's findings are so deficient that it remands the matter with directions for the board to make findings that "fairly disclose [its] determination" on the point at issue, including a "statement of the method or methods of valuation used in appraising the property." (See §§ 1611.5, 1611.6.) As we explain in the next section, neither circumstance exists in this case.

### 3. Chinese Theatres is not entitled to attorney fees under section 1611.6.

Chinese Theatres argues the attorney fees award was proper under the first clause of section 1611.6, a point expressly rejected by the trial court. Specifically, the company contends the Board failed to make a finding that " '[t]he Assessor was required by law to identify, value and remove intangible assets[, such as the TNRA,] from assessment, or refrain assessing such assets in the first instance.' " We agree with the lower court and reject this argument.

In its 13-page Findings of Fact, the Board made a finding about whether the TNRA was an intangible asset. Specifically, it found that part of the TNRA was a tangible, taxable asset and identified the taxable value of the agreement that could be included in the Property's assessment. In particular, the Board found that half of the TNRA was a tangible asset and that the taxable amount of the revenue generated by the TNRA was about

12

$13 million. Indeed, the Board's *finding* on that issue is one of the primary reasons Chinese Theatres filed this lawsuit. The Board just didn't explain how it found half of the TNRA was a taxable asset.

Chinese Theatres also wasn't entitled to attorney fees under the second clause of section 1611.6. Although the court found the Board's finding that part of the TNRA was a tangible, taxable asset was "arbitrary and invalid" because the Board didn't explain how it reached that conclusion, nothing in the court's statement of decision or the judgment remanding the matter indicates the court intended for, or "implicitly required," the Board to make new findings that comply with section 1611.5's requirements.

To the contrary, the court's judgment states that the "sole purpose of the remand" was for the Board to excise the taxable value of the TNRA from the Property's assessment, which was already established and not in dispute, and to make necessary corrections to the tax roll. Thus, the Board did not need to make any new findings to explain how it valued the Property once half of the revenue generated by the TNRA was deducted from the tax assessment. (Cf. *CAT Partnership v. County of Santa Cruz* (1998) 63 Cal.App.4th 1071, 1088–1089 [where the court can determine what amount the county board incorrectly applied to the property's assessment, it is not necessary for the court to remand the matter for the board to make new findings concerning the property's value for tax purposes].) Indeed, the court encouraged the parties to agree on language to be included in the judgment that would avoid a remand because the Board needed to do nothing more than make a simple mathematical deduction from

the Property's assessment and make necessary corrections to the tax roll.

To summarize, Chinese Theatres was not entitled to attorney fees under section 1611.6 for two reasons: the Board made a finding concerning whether the TNRA was a taxable asset, and the court did not remand the matter to the Board with directions to make new findings that comply with section 1611.5.

## DISPOSITION

The postjudgment order awarding Chinese Theatres attorney fees is reversed. Chinese Theatres's request for attorney fees on appeal is denied. The County of Los Angeles shall recover its costs on appeal.

LAVIN, Acting P. J.

WE CONCUR:

EGERTON, J.

DHANIDINA, J.

14

Filed 1/4/21

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| CHINESE THEATRES, LLC, | B302708 |
| Plaintiff and Respondent, | Los Angeles County Super. Ct. No. BC687084 |
| v. | |
| COUNTY OF LOS ANGELES, | **Order Certifying Opinion for Publication** |
| Defendant and Appellant. | [No change in judgment] |

BY THE COURT:*

Defendant and Appellant County of Los Angeles and nonparty California State Association of Counties have requested that our opinion in the above-entitled matter, filed December 8, 2020, be certified for publication. It appears that our opinion meets the standards set forth in California Rules of Court, rule 8.1105(c). The opinion is ordered published in the Official Reports.

_____

* LAVIN, Acting P. J.        EGERTON, J.        DHANIDINA, J.